**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

|  |  |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 07-20168 |
| ) | 10-2451 |
| **BILLY TRINKLE,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**MEMORANDUM AND ORDER**

Defendant Billy Trinkle was convicted of conspiracy to posses with intent to distribute more than 50 grams of cocaine base, and use of a communication facility in commission of a drug trafficking crime. He received a 240-month prison sentence. Mr. Trinkle has now filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 (doc. 1273), challenging the application of the Career Criminal classification. For the reasons discussed below, that motion is denied.

**1.    Background**

Prior to sentencing, the Probation Department prepared a Presentence Investigation Report (doc. 998). In that report, Mr. Trinkle is characterized as a Career Criminal pursuant to § 4B1.1(a) of the United States Sentencing Guidelines, based on earlier convictions for Criminal Threat and Attempted Aggravated Battery. The PSIR calculated Mr. Trinkle's adjusted offense level at 30, but based on the career criminal

enhancement, the offense level was 37, which resulted in a guideline range of 360-life.

Mr. Trinkle objected to the career criminal determination, but at the sentencing hearing, the court overruled his objections. The court varied from the guideline range and imposed a 240-month sentence.

**2.    Standard**

Section 2255 entitles a prisoner to relief "[i]f the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255. The court must hold an evidentiary hearing on a section 2255 motion "'[u]nless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief.'" *United States v. Galloway*, 56 F.3d 1239, 1240 n.1 (10th Cir. 1995) (quoting § 2255). A court need not grant an evidentiary hearing where the factual allegations are contradicted by the record, inherently incredible, or when they are conclusions rather than statements of fact. *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (quoting *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995)); *see also United States v. Sanchez*, No. 96-7039, 1997 WL 8842, *3 (10th Cir. 1997) ("[D]efendant's conclusory allegations . . . which contradict the record made at the plea hearing, were insufficient to require an evidentiary hearing.").

**3.     Discussion**[1]

Mr. Trinkle argues that the career offender designation was erroneous because his prior convictions for criminal threat do not constitute crimes of violence in light of the Supreme Court's recent decision in *Johnson v. United States*, 130 S. Ct, 1265 (2010).

According to the Sentencing Guidelines,

> a defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1(a). Only the third prong—whether the prior conviction is for a crime of violence—is at issue here. A "crime of violence" is an offense punishable by more than one year in prison and that "has as an element the use, attempted use, or threatened

---

[1] It appears that the arguments in Mr. Trinkle's § 2255 petition have been procedurally defaulted because they were not raised on direct appeal. When a petitioner "fails to raise an issue on direct appeal, he is barred from raising the issue in a § 2255 proceeding, unless he establishes either cause excusing the procedural default and prejudice resulting from the error or a fundamental miscarriage of justice if the claim is not considered." *United States v. Cox*, 83 F.3d 336, 341 (10th Cir. 1996). Although a court can raise this procedural bar sua sponte, *Hines v. United States*, 971 F.2d 506, 508 (10th Cir. 1992), the court will not do so here. Addressing the procedural bar issue now would delay the disposition of Mr. Trinkle's § 2255 motion and would not serve "the interests of judicial efficiency, conservation of scarce judicial resources, and orderly and prompt administration of justice." *United States v. Wiseman*, 297 F.3d 975, 979-80 (10th Cir. 2002); *see also Hines*, 71 F.2d at 509.

3

use of physical force against the person of another." § 4B1.2(a)(1).[2]  Additionally, an attempt to commit a crime of violence constitutes a crime of violence. § 4B1.2 cmt. n.1.

In determining whether a conviction qualifies as a "crime of violence" under § 4B1.2, courts "apply a categorical approach that looks to the words of the statute and judicial interpretations of it, rather than to the conduct of any particular defendant convicted of that crime." *United States v. Wise*, 597 F.3d 1141, 1144 (10th Cir. 2010). In certain circumstances, however, this categorical approach allows a court to look beyond the statute of conviction. "[I]f the statute encompasses both conduct that would qualify as a crime of violence and conduct that would not, we employ a modified categorical approach." *Id.*  Courts examine "the statutory elements, the defendant's charging documents, plea agreement and colloquy (if any), and the uncontested facts found by the district judge to determine whether the particular defendant's conduct violated the portion of the statute that is a crime of violence." *Id.*

The Supreme Court decision in *Johnson*, on which Mr. Trinkle bases his argument, evaluated whether the Florida battery statute constituted a violent felony for purposes of the Armed Career Criminal Act.[3]  A violent felony, like a crime of violence,

---

[2] Alternatively, an offense punishable by more than one year can be a crime of violence if it "is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2(a)(2).  This "residual clause" definition is not at issue here.

[3] The ACCA definition of "violent felony" is similar to the Sentencing Guidelines's definition of "crime of violence."  Thus the Tenth Circuit has looked to
(continued...)

4

requires physical force, which the Court defined as violent force, capable of causing physical pain or injury to another. *Johnson*, 130 S. Ct. at 1271. Thus the court found that a battery under Florida law, which only required intentional "touching," did not qualify as a violent felony.

   *1.   Physical force*

Relying on *Johnson*, Mr. Trinkle argues that his criminal threat convictions were not crimes of violence because they did not have as an element the "threatened use of physical force against the person of another" as required by § 4B1.2(a)(1) and as further defined by *Johnson*. Specifically, Mr. Trinkle asserts that the Kansas criminal threat statute does not require the kind of violent force *Johnson* described—capable of causing physical pain or injury. The court disagrees.

The Kansas statute under which Mr. Trinkle was convicted defines criminal threat as any threat to "commit violence communicated with intent to terrorize another, . . . or in reckless disregard of the risk of causing such terror." Kan. Stat. Ann. § 21-3419(a)(1). The common understanding of "violence" includes force capable of causing pain or injury. Indeed the Supreme Court used "violent"—a variation of the precise word in the Kansas statute—to define the level of force needed. *Johnson*, 130 S. Ct. at 1271. Put another way, a threat to commit violence that would terrorize another inherently occurs

---

³(...continued)
ACCA cases in helping to define the guidelines' requirement of a "crime of violence." *United States v. Rooks*, 556 F.3d 1145, 1150 (10th Cir. 2009).

5

through the threatened use of physical force capable of causing pain or injury. *See, e.g.*, *United States v. Martinez*, 382 Fed. App'x 786, 788 (10th Cir. 2010) (Colorado menacing statute);[4] *United States v. Silva*, 608 F.3d 663, 670-71 (10th Cir. 2010) (New Mexico aggravated assault statute). Thus a conviction for threatening to commit violence necessarily satisfies the *Johnson* definition of the requisite physical, violent force needed.

   2.   *Against the person of another*

Mr. Trinkle also contends that nothing about his criminal threat convictions required that the threat of force be targeted at another person. *See* § 4B1.2(a)(1) (required "threatened use of physical force *against the person of another*") (emphasis added). By way of illustration, Mr. Trinkle asserts that he could have been convicted of criminal threat under the Kansas statute by threatening violence against the Millennium Falcon as a way of terrorizing Hans Solo. (Doc. 1311, p. 5.)

Mr. Trinkle failed, however, to raise this argument at sentencing, instead challenging only the violent nature of the threat convictions. He therefore may not raise it for the first time in a § 2255 petition. *United States v. Kahn*, 835 F.2d 749, 753 (10th Cir. 1987).

Moroever, even if Mr. Trinkle had raised this claim at sentencing, his sentence would have been the same. With the career offender adjustment, the relevant guideline

---

[4] Pursuant to Tenth Circuit Rule 32.1(A), the court cites this unpublished opinion for its persuasive value.

range was 360-life. The court found that without that adjustment, the guideline range would have been 120-150 months. The court went through a lengthy discussion at sentencing explaining why neither of those ranges was appropriate, and ultimately the court imposed a 240-month sentence. Given Mr. Trinkle's criminal history, the court found that 240 months was necessary and sufficient. There is nothing to suggest that the court would have ruled otherwise had the criminal threat convictions not been deemed crimes of violence. As such, this argument cannot serve as the basis for habeas relief.

## 4. Certificate of Appealability

Effective December 1, 2009, Rule 11 of the Rules Governing Section 2255 Proceedings states that the court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[5] To satisfy this standard, the movant must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Saiz v. Ortiz*, 393 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting *Tennard v. Dretke*, 542 U.S. 274, 282 (2004)). For the reasons stated above, Mr. Trinkle has not made a substantial showing of the denial of a constitutional right. The court therefore denies a certificate of appealability.

---

[5] The denial of a § 2255 motion is not appealable unless a circuit justice or a circuit or district judge issues a certificate of appealability. *See* Fed. R. App. P. 22(b)(1); 28 U.S.C. § 2253(c)(1).

7

**IT IS ORDERED BY THE COURT** that defendant's § 2255 motion to vacate, set aside, or correct his sentence (doc. 1273) is **denied**.

**IT IS SO ORDERED** this 7th day of February, 2010.

        s. John W. Lungstrum
        John W. Lungstrum
        United States District Judge