## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

**United States of America,**

        **Plaintiff,**

**v.**                                                         **Case No. 07-20168-15-JWL**

**Billy Trinkle,**

        **Defendant.**

## MEMORANDUM & ORDER

Based on a presumptive June 27, 2016 deadline to file any § 2255 petitions based on *Johnson v. United States*, 135 S. Ct. 2551 (2015), Mr. Trinkle has filed a motion to stay the filing deadline for his anticipated § 2255 motion. He asserts that he has sought leave from the Tenth Circuit to file a successive petition but that the Circuit has not yet ruled on his application. In reviewing the docket, it appears to the court that the Circuit, on March 29, 2016, ruled on Mr. Trinkle's application to file a successive petition based on *Johnson* and denied authorization based on its conclusion that *Johnson* has no bearing on Mr. Trinkle's sentence. *See* Doc. 1743 (Mr. Trinkle's sentence "was enhanced on a basis that does not implicate *Johnson*'s holding about the constitutional deficiency of the residual clause."). If, in fact, Mr. Trinkle has filed an application for leave with the Circuit that the Circuit has yet to rule on, then the statute of limitations would be tolled with respect to the filing of any § 2255 petition that raises issues that were raised in the application. *See Orona v. United States*, ___ F. 3d ____, 2016 WL 3435692 (9th Cir. June 22, 2016). In that case, a stay is unnecessary. If, on the other hand, there is no pending application for leave before the Circuit such that the limitations period is not stayed,

then the court lacks jurisdiction to grant a stay because that request would not be ripe for adjudication until a § 2255 motion has actually been filed.  *United States v. Daniels*, 191 Fed. Appx. 622 (10th Cir. July 11, 2006).  Because a stay is either unnecessary or unavailable, the court dismisses the motion.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Trinkle's motion to stay (doc. 1757) is dismissed**.**

**IT IS SO ORDERED.**

Dated this 29th  day of June, 2016, at Kansas City, Kansas.

s/ John W. Lungstrum  
John W. Lungstrum  
United States District Judge
